Singh v. Barr

BIA
Cheng, IJ
A200 618 986/200 815 262

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

**KARAMJIT SINGH, SUKHWINDER KAUR,**
> *Petitioners,*

v.                                              17-729
                                                NAC

**WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

FOR PETITIONERS:          David Molot, New York, NY.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General; Russell J.E.
                          Verby, Senior Litigation Counsel;
                          John D. Williams, Trial Attorney,
                          Office of Immigration Litigation,
                          United States Department of
                          Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Karamjit Singh and Sukhwinder Kaur, natives and citizens of India, seek review of a February 13, 2017, decision of the BIA affirming a November 5, 2015, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karamjit Singh, Sukhwinder Kaur*, Nos. A 200 618 986/200 815 262 (B.I.A. Feb. 13, 2017), *aff'g* Nos. A 200 618 986/200 815 262 (Immig. Ct. N.Y. City Nov. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under the substantial evidence standard. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The governing REAL ID Act credibility standard provides as follows:

Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements[,] . . . the consistency of such statements with other evidence of record[,] . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see* 8 U.S.C. § 1252(b)(4)(B). Kaur and her husband Singh both premised their asylum applications on arrests and mistreatment that they suffered on account of their involvement with the Shiromani Akala Dal-Amritsar ("SADA") party. As discussed below, substantial evidence supports the agency's adverse credibility determination.

**I. Kaur**

The agency reasonably relied on the stark discrepancies between Kaur's statements during her credible fear interview and her testimony at the merits hearing. *See Ming Zhang v.*

3

*Holder*, 585 F.3d 715, 725 (2d Cir. 2009).[1]  Kaur does not dispute that there are significant inconsistencies between her credible fear interview and her asylum application and testimony.  At her interview, Kaur stated:  that her father had a leadership role in SADA and was murdered by Congress Party members in 2008; that her husband joined SADA in 2009 and was also attacked by the Congress Party; that she was married to one of the men who had crossed the border with her; that she was not personally involved with SADA; and that the only harm she suffered personally was a threatening phone call.  By contrast, in her application and at the hearing, Kaur alleged that she was also a SADA member, remained politically active after her husband left India, and was arrested and severely mistreated on three occasions because of her political activities. Kaur said that, during the credible fear interview, she omitted her own membership in

---

[1] Kaur does not challenge the reliability of the credible fear interview record, and we find no error in the agency's reliance on it: Kaur had a Punjabi interpreter, the asylum officer explained the purpose of the interview and the importance of answering truthfully, the officer asked questions designed to elicit details of an asylum claim, the questions and answers are memorialized in a typewritten document, and Kaur did not demonstrate difficulty understanding.  *See Ming Zhang*, 585 F.3d at 724-25.

SADA and her mistreatment because she was afraid that the United States officers would dislike SADA and was traumatized from her experiences with the Indian police.

In reaching his adverse credibility finding, the IJ reasonably relied on these two "materially different asylum claims." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 398–99 (2d Cir. 2005) ("Where, as here, immigration officials have been presented with two 'materially different' asylum claims, it is entirely appropriate for a factfinder to rely on this evidence as a basis for determining whether a petitioner was actually persecuted in the manner asserted or is instead merely reciting an account fabricated for the purposes of obtaining entry into the United States."); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). The agency also reasonably relied on Kaur's failure to include in her asylum application her father's leadership role in the SADA party and the Congress Party's suspected role in his death. *See Belortaja v. Gonzales*, 484 F.3d 619, 626 (2d Cir.

5

2007).  These omitted facts "are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances," *Hong Fei Gao*, 891 F.3d at 79, especially because Kaur described her father's leadership role and his suspected murder in her credible fear interview.

The agency was not required to accept Kaur's explanations for these inconsistencies and omissions.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).  Kaur argues that the agency failed to take into account that she was traumatized by her mistreatment by the Indian police.  But the interview record does not reflect any hesitation or difficulty answering the asylum officer's questions.  *See Ming Zhang*, 585 F.3d at 725 ("We again reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements").  And Kaur provided no medical documentation to

6

corroborate her mental state. Moreover, her explanation that she was afraid to disclose her SADA association during the interview is undercut by her willingness to reveal her father's leadership position with SADA.

As to her failure to describe her father's activities and suspected murder in her application, Kaur testified that her former lawyer told her not to include this information in her asylum application because there was no proof that Congress Party members killed her father. The IJ found this explanation implausible. In any event, it does not resolve the discrepancy because Kaur submitted her father's death certificate, and she could have simply stated in her application that she and her mother believed her father was killed by Congress party members but had no proof. *See Majidi*, 430 F.3d at 80-81.

In light of the significant discrepancies between Kaur's credible fear interview and her application and testimony, substantial evidence supports the agency's determination that she was not credible. Because Kaur's claims were all based on the same factual predicate, the adverse credibility determination disposes of her requests for asylum,

7

withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

**II. Singh**

Singh failed to exhaust and waived his asylum claim because he did not challenge the IJ's pretermission of his asylum claim as untimely on appeal to the BIA and he does not argue that issue in this Court. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 122 (2d Cir. 2007) (exhaustion); Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (waiver). Accordingly, we will only address the adverse credibility determination since it provided the basis for the denial of withholding of removal and CAT relief. As to the specific types of mistreatment Singh suffered while in detention, the agency reasonably relied on discrepancies between Singh's asylum application and his testimony. *See Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (holding that although an asylum applicant does not need to include every detail in an application, the agency can rely on the fact that an application and testimony "described the same incidents of persecution differently."). Singh's application and hearing testimony both described being

tortured while in detention; however, at the hearing, he omitted some types of torture that were described in his application and testified about forms of torture that were not included in the application. Singh's explanation that he thought it was sufficient to mention "torture" does not resolve the inconsistencies given the specificity with which he described each type of mistreatment in his application and the Government attorney's questioning about each specific type of torture. *See Majidi*, 430 F.3d at 80-81.

The agency also relied on Singh's failure to mention Kaur's mistreatment. Although Kaur's alleged harm occurred after Singh left India, he acknowledged that he was aware of the events. The information was relevant given that their alleged harm arose from the same activities, their SADA activism. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that collateral omissions and inconsistencies may support an adverse credibility ruling as long as "the cumulative effect of those inconsistencies reasonably could have affected the IJ's evaluation of [petitioner's] credibility").

In sum, Singh's varying descriptions of the mistreatment he suffered, combined with his failure to include Kaur's

9

mistreatment and his father-in-law's suspected murder in his application, provided substantial reason for the adverse credibility ruling, which was dispositive of withholding of removal and CAT relief. *See Paul*, 444 F.3d at 156-57.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court